## Mrs. N. P. Pardue *v.* Dave Ardis.

[58 South. 769.]

Statutes of Frauds. *Code* 1906, *Sec.* 4775. *Contracts in consideration of marriage.*

An oral agreement by a prospective husband to renounce his interest in the realty of his prospective bride in consideration of marriage is void under Code 1906, Sec. 4775.

Appeal from the chancery court of Tishomingo county.

Hon. J. Q. Robins, Chancellor.

Suit by Dave Ardis against Mrs. N. P. Pardue. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*W. J. Lamb,* for appellant.

We contend that the contract made in contemplation of marriage in this case was not void under par. B, of Sec. 4775, which says:

"Any agreement made upon consideration of marriage, mutual promises of marriage excepted, are void under the statute of frauds unless in writing."

The statute of frauds does not apply for the reason that it does not apply to executed contracts; and, while this agreement was made in contemplation of marriage between the parties, yet upon a consummation of the marriage it became an executed contract and the statute of frauds does not apply.

"This statute has relation alone to executory contracts, and can never apply to contracts which have been fully executed, for the reason that such contracts as the latter can never be made the foundation of an action, unless they should be connected with some collateral matter. It may be true that this new arrangement could

not be enforced, if it were merely executory; but this is not the question.'' *Moore* v. *McAllister*, 34 Miss. 504.

''It is well settled that the statute of frauds applies only to executory contracts and not to agreements which have been completely executed and performed on both sides. And if a contract is within the statute in one particular only, but as to that particular has been completely carried out by both parties, the statute does not apply.'' 29 Am. & Eng. Ency. Law., p. 828; *Gorden* v. *Tweedy*, 71 Ala. 202; *Lagerfelt* v. *McKie*, 100 Ala. 430; *Morgan* v. *Battle*, 95 Ga. 663; *Amsinck* v. *Insurance Co.*, 129 Mass. 185.

Again, ''since the statute of frauds does not declare parol contracts void, but merely provides that no action may be maintained thereon, such contract when fully performed by both parties is not within the statute, but is valid as against the world notwithstanding the statute. So such a contract may be taken out of the statute by part performance by the party seeking to enforce the contract.'' 19 Am. & Eng. Ency. Law., p. 1236; *Andrews* v. *Jones*, 10 Ala. 400; *Hussey* v. *Castle*, 41 Cal. 239; *Houghton* v. *Houghton*, 14 Ind. 505; *Bradley* v. *Sadler*, 54 Ga. 681.

Again, ''where an oral contract unenforceable by reason of the statute of frauds has been entirely performed, the rights of the parties are no longer affected by the statute, and it is immaterial that either party might have refused to perform.'' 20 Cyc. 302.

''There are many cases in which oral contracts have been performed after marriage, and of these it may be said that no gift or other executed transaction is to be defeated because made or carried out in pursuance of an oral antenuptial contract. Antenuptial contracts that the wife's property should remain her own after marriage have been held to be executed if the husband has treated the property as his wife's and has allowed her to retain its management and control.'' 20 Cyc. 304.

This court held in the case of *Stein* v. *Fitzpatrick,* 84 Miss. 63, that: ''An agreement made after a contract of marriage has become binding is not within the statute of frauds, as being upon the consideration of marriage, although it is made in reference to marriage.''

The contract having been fully executed when this marriage was performed, then the statute of frauds cannot apply.

, . *J. M. Boone,* for appellee.

Our contention is that the only construction of the language set up in the defendant's answer in the court below is that it sets up a contract in consideration of marriage; it was a complete and full statement that this contract was upon the consideration of marriage, and that Elizabeth (Adams) Ardis would not have married the appellee unless he had agreed to relase all claims to her property; and we say then that it was void under Sec. 4775 (b) of the Mississippi Code of 1906.

This court in the case of *Steen* v. *Kirkpatrick,* 84 Miss. · 67, gives a clear and unequivocal annunciation of the law on this subject, and sustains the action of the court below in this case. It cannot be contended, under the language of the answer of the defendant, that the contract was made simply in contemplation of marriage after the actual promise to marry had been made and become binding, for the answer itself expressly alleges that—''but for this agreement so made and entered into between Dave Ardis and her mother, her mother would never have married this complainant.'' A contract in consideration of marriage could not be more clearly stated than this. Brown on Statute of Frauds, Secs. 215 and 215 (b); Reed on Statute of Frauds, Sec. 173; . *Rainbolt* v. *East,* 56 Ind. 538, 26 Am. Rep. 40.

This contract is void, under section 4775 (c), because it was an oral promise before marriage to settle the wife's property upon herself. 1 Reed on Statute of Frauds, Sec. 173, p. 282.

The appellant contended in the court below that although this agreement was void under the statute of frauds, it had been completed, and, therefore, was valid and binding. The only thing in the answer of the appellant in the court below showing any performance whatever of this contract on the part of Dave Ardis, is that he, appellee moved off of the land. The court below, as we think clearly and correctly, held that the only way for Dave Ardis to perform this contract would be for him to execute and deliver a deed to the appellant, Mrs. N. P. Pardue, of his interests in the said land which had descended to him at the death of his wife, the mother of appellant.

In the case of *Fisher* v. *Kuhn*, 54 Miss. 483, our court uses this language: "It has long been the settled doctrine of this court not to accept a part performance, or any other thing, as an exception to take the case out of the statute."

And this case was referred to an authority on the same subject by 1 Delvin on Deeds, Sec. 138, p. 128. And to the same effect is the case of *Beaman* v. *Buck* (Miss.), 9 S. & M. 210. In the case of *Box* v. *Standord*, 13 S. & M. 95, the court uses this language: "It also alleges actual part performance to take it out of the statute of frauds. These last may be laid out of view at once, because it is now the settled doctrine of this court that no exceptions of that character will be ingrafted upon the statute."

The same principle strictly adhered to in the case of changed condition by marriage, should not be sufficient to require the specific performance, yet he admits it to be thoroughly and firmly settled that mere marriage will not be sufficient. Judge Story says: "The subsequent marriage is not deemed a part performance of taking the case out of the statute; contrary, the rule which prevails in other cases of contract; in this respect it is always treated as a peculiar case standing on its own ground." 1 Story's Eq. Jur., p. 768.

While it is true that the chancery court applies the doctrine of equitable estoppel and requires specific performance by the other party where the party asking relief upon the faithful promise has been induced to make expenditures or change of situation with regard to the subject-matter of the promise on the supposition that the contract would be carried out, yet the contract based on a consideration of marriage is not governed by the same rules of general equity jurisdiction; and the cases found in the books where such contracts have been required to be performed are generally where the party has been guilty of actual fraud in the procurement of the contract, or actual fraud in inducing the party to the actual performance of marriage; but no exception has ever been ingrafted on our statute of frauds by our own court in cases similar to the one above.

In *Steen* v. *Kirkpatrick, supra,* our court seems clearly to hold that even where the contract was made in contemplation of marriage, and not upon consideration of marriage, that a parol contract as to land would be void as the last sentence in the opinion in this case is as follows, to wit: "Of course, the prenuptial parol contract would not be enforced as to real estate."

A parol contract, required by the statute of frauds to be in writing, made in consideration of marriage, cannot be enforced even if the marriage be performed. 26 Am. & Eng. Enc. Law (2 Ed.), 90; *Washington* v. *Soria,* 73 Miss. 673, in which the court uses this language: "It has been uniformly held that a part performance is not sufficient to withdraw the case from the statute."

Cook, J., delivered the opinion of the court.

Dave Ardis, the appellee, filed a bill in the chancery court of Tishomingo county, asking for the partition of certain lands between him and the appellant. The bill charges that the wife of the appellee, who was also the

mother of appellant by a former marriage, died seised and possessed of certain lands described in the bill, leaving appellant and appellee as her sole heirs at law. Appellant answered this bill, and denied that appellee had any interest in the lands described, saying: "Before the complainant, Dave Ardis, and her mother married, and before the mother would agree to marry the said complainant, she, the said Elizabeth Ardis, and the said Dave Ardis, complainant, had an agreement respecting the property which belonged to each of them, and it was agreed by and between the said Dave Ardis and the mother of your defendant, that if the mother of your defendant, Elizabeth Adams, would marry the said complainant, that he, Dave Ardis, would claim no right or interest in either the real estate or personal property belonging to the mother of your defendant which he would otherwise have under the laws of the state of Mississippi, and that he would claim nothing either from the real estate or personal property belonging to her mother, Elizabeth Ardis, which the law would give him as her husband. It was further agreed between them that, in the event of her death during the lifetime of the said complainant, the said complainant would take what personal property belonged to him, and move off the land belonging to the mother of your defendant, and surrender the same to your defendant as the heir at law of the said Elizabeth Ardis; that, but for this agreement so made and entered into between Dave Ardis and her mother, her mother would never have married this complainant." The case was set down for hearing upon the insufficiency in law of the answer to the bill. The chancellor held that the contract set up in the answer, being an oral contract, was void under Sec. 4775 (b) of the Mississippi Code of 1906, and therefore sustained the exceptions to the answer.

We agree with the chancellor, and the case is affirmed.

*Affirmed.*